IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY STRICKER | § | |
|     TDCJ-CID NO. 1628145 | § | |
| v. | § | C.A. NO. C-12-143 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Price Daniel Unit in Snyder,

Texas.  Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254,

challenging his conviction.  (D.E. 1).  Pending is Respondent's motion for summary judgment.

(D.E. 17).  Petitioner filed a response opposing this motion.  (D.E. 18).  For the reasons stated

herein, it is respectfully recommended that Respondent's motion for summary judgment be

granted, and that this habeas petition be dismissed.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where

the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).

Petitioner was convicted in Nueces County, Texas.  (D.E. 1, at 2).  Therefore, jurisdiction is

proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On August 29, 2002 a grand jury indicted Petitioner on two counts, including sexual

assault of a child and indecency with a child, based on events that occurred on July 27, 2002.

(D.E. 15-7, at 43).  On October 11, 2002, Petitioner pleaded guilty to both counts.  (D.E. 15-4, at

63-66).  The trial court entered a deferred adjudication of guilt on October 22, 2002 and placed

him on community supervision for ten years.  (D.E. 2, at 2).  In rendering its judgment, the trial

court erroneously omitted Count II.  Id.  Five years later, on March 13, 2007, the trial court

issued a judgment nunc pro tunc on a motion by the State, reforming the original judgment to

reflect the fact that Petitioner pled guilty to both counts of the indictment.  Id.  Petitioner was not

notified or included in the nunc pro tunc proceeding.  Id.

On February 24, 2010, petitioner's community supervision was revoked, and he was

sentenced to serve twelve years in prison.  (D.E. 2, at 2).  He timely appealed his revocation.  Id.

His court-appointed appellate counsel advised him that there were no viable issues to raise on

appeal and that Petitioner should file a motion of voluntary dismissal.  Id.  Petitioner complied,

and on November 4, 2010, the court of appeals granted the motion and dismissed the appeal.  Id.

On January 19, 2011, Petitioner filed a state petition for habeas corpus relief, claiming

that: (1) he received ineffective assistance of trial counsel; (2) his conviction on both counts was

a "misjoinder;" and (3) the complaint and indictment were invalid.  (D.E. 1, at 4).  The trial court

issued a memorandum and recommendation, indicating that because Petitioner's "first three

grounds were available on direct appeal, [] he cannot raise them now," and that, "[f]urthermore,

his counsel rendered effective assistance, and [petitioner] has failed to prove otherwise."  (D.E.

15-7, at 41).  On August 3, 2011, the Texas Court of Criminal Appeals denied his application

without written order.  (D.E. 1, at 4).

Petitioner filed a second state habeas petition on November 23, 2011, alleging ineffective

assistance of appellate counsel and violation of double jeopardy.  Id.  The trial court issued

findings of fact recommending that Petitioner's second petition be denied because it was "a

subsequent application where a previous application challenged the conviction and was denied

2

on the merits by the Court, and that the claims presented in this application do not come within either of the exceptions allowing for the consideration of a subsequent application on the merits," pursuant to the Texas Code of Criminal Procedure Article 11.07 § 4.  (D.E. 15-10, at 7). On February 1, 2012, the Texas Court of Criminal Appeals denied the petition without written order.  (D.E. 1, at 4).

On April 29, 2012, Petitioner filed a federal habeas petition, alleging three grounds: (1) his conviction for Count II, indecency with a child, violated double jeopardy because it is a lesser included offense of Count I and it arose from a single criminal transaction; (2) his trial counsel rendered ineffective assistance by encouraging Petitioner to accept a plea offer that resulted in a violation of double jeopardy; and (3) his appellate counsel rendered ineffective assistance by failing to follow the Anders procedure for withdrawal and by substituting it with a motion to dismiss, as well as by failing to advise Petitioner of his right to continue the appeal pro se or to seek replacement counsel.  (D.E. 1, at 6-7).  On August 8, 2012, Respondent filed a motion for summary judgment.  (D.E. 17).

### III.  DISCUSSION

Respondent urges that Petitioner's claims should be dismissed because: (1) Petitioner's claims are not timely filed pursuant to 28. U.S.C. § 2244; and (2) Petitioner's claims are unexhausted and procedurally barred.  (D.E. 17).

**A.    Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).  Rule 56 of the Federal Rules of Civil Procedure generally

applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000)

(citations omitted)); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for

habeas corpus....").

      Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

federal courts are prohibited from granting habeas relief unless a petitioner demonstrates that the

state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law," or was "based on an unreasonable determination in light of the facts."

28 U.S.C. § 2254(d); see also Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011)

("hold[ing] that review under 2254(d)(1) is limited to the record that was before the state court

that adjudicated the claim on the merits"); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002)

(discussing § 2254(d)).  Thus, "federal habeas relief is only merited where the state court

decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313

(5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)).

The AEDPA's provisions "ensure that state-court convictions are given effect to the extent

possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citing Williams, 529 U.S. at 403-

04).

      The Supreme Court has concluded that the "contrary to" and "unreasonable application"

clauses of § 2254(d)(1) have independent meanings.  Bell, 535 U.S. at 694 (citing Williams, 529

U.S. at 404-05).  The Bell Court elaborated on the distinctions between "contrary to" and an

"unreasonable application:"

> A federal habeas court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the governing
> law set forth in our cases, or if it decides a case differently than we
> have done on a set of materially indistinguishable facts.  The court

> may grant relief under the "unreasonable application" clause if the
> state court correctly identifies the governing legal principle from
> our decisions but unreasonably applies it to the facts of the
> particular case.  The focus of the latter inquiry is on whether the
> state court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams* that an
> unreasonable application is different from an incorrect one.

Id. (internal citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's "decision" and not the written opinion explaining that decision.'"  St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003) (citing Neal, 286 F.3d at 246).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (per curiam) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)); see also Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 785 (2011) (reaffirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

Absent a direct conflict with Supreme Court authority, habeas relief is available only if a

5

state court decision is objectively unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th

Cir. 2000).  Indeed, AEDPA's deferential standard limits the federal court role in the review of

state convictions:

> [Section 2254(d)] preserves authority to issue the writ in cases
> where there is no possibility fairminded jurists could disagree that
> the state court's decision conflicts with this Court's precedents.  It
> goes no farther.  Section 2254(d) reflects the view that habeas
> corpus is a "guard against extreme malfunction in the state
> criminal justice systems," not a substitute for ordinary error
> correction through appeal....  As a condition for obtaining habeas
> corpus from a federal court, a state prisoner must show that the
> state court's ruling on the claim being presented in federal court
> was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any
> possibility for fairminded disagreement.

Harrington, 131 S. Ct. at 786-87 (citation omitted).  The Fifth Circuit has further explained that a

federal district court "must reverse when [it] conclude[s] that the state court decision applies the

correct legal rule to a given set of facts in a manner that is so patently incorrect as to be

'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary

to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that

the state court reached and not on whether the state court considered and discussed every angle

of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings

of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing

evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of

correctness is also accorded to adjudications made during state post-conviction proceedings.  Id.

The burden to rebut the presumption of correctness remains on the petitioner even if the state

"hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v.

Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.**     **Petitioner's Habeas Petition Is Not Timely Filed Pursuant to AEDPA.**

    Respondent argues that Petitioner's habeas petition is untimely by eight years pursuant to the one-year statute of limitations set out by AEDPA.  28 U.S.C. § 2244(d).  Specifically, he contends that because Petitioner was issued deferred adjudication and community supervision on October 28, 2002, the statute of limitations to seek review of his underlying conviction began running at that time.  Therefore, the one-year limitations period expired on November 28, 2003, making his January 19, 2011 state habeas petition untimely.  In addition, Respondent contends that Petitioner is not entitled to equitable tolling because there is no evidence that he was misled.

    Petitioner responds that on October 28, 2002, he was placed on community supervision *only* for Count I of the indictment, as indicated by the trial court's failure to include Count II in its judgment.  (D.E. 18, at 1).  Petitioner was not included in the subsequent nunc pro tunc proceeding in which the trial court reformed its judgment to include Count II.  Id.  Moreover, he was not made aware of the reformed judgment until February 26, 2010.  Id.  As he did not have an opportunity to raise any double jeopardy issues until that time, he is therefore entitled to equitable tolling.  Id.

    Regarding the deadline for filing an application for a writ of habeas corpus, the AEDPA provides that the one-year limitations period runs from the latest of four alternative dates:

>    (A) the date on which the judgment became final by the conclusion
>    of direct review or the expiration of the time for seeking such
>    review;
>
>    (B) the date on which the impediment to filing an application
>    created by State action in violation of the Constitution or laws of
>    the United States is removed, if the applicant was prevented from
>    filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks state

post-conviction writ review:

>    The time during which a properly filed application for State
>    post-conviction or other collateral review with respect to the
>    pertinent judgment or claim is pending shall not be counted toward
>    any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The Fifth Circuit has explained that while "an order of deferred adjudication is not a

judgment under Texas law, it is a judgment under the relevant federal law," including for the

purposes of § 2244. Caldwell v. Dretke, 429 F.3d 521, 527 (5th Cir. 2005). Moreover, because

collateral review is available when a court orders deferred adjudication with community

supervision in Texas, it constitutes a final judgment for the purposes of the one-year statute of

limitations set out in § 2244(d)(1)(A). See id. at 529; see also Tex. Code Crim. Proc. art. 11.05,

11.08, and 11.23. If a defendant does not directly appeal his conviction, the statute of limitations

begins running once the thirty day period for filing notice of appeal expires. Caldwell, 429 F.3d

8

at 530; <u>see</u> <u>also</u> Tex. R. App. P. 26.2(a)(1) (a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court.").

In his federal habeas petition, Petitioner alleges defects in his underlying conviction as well as ineffective assistance of his appellate counsel in appealing his revocation of community supervision.  To the extent Petitioner seeks to contest his underlying conviction, his habeas petition is untimely pursuant to § 2244(d)(1)(A).  Because he had an opportunity to seek collateral review of his October 28, 2002 conviction, his judgment of deferred adjudication with community supervision constitutes a  judgment for the purposes of the one-year statute of limitations.  Petitioner did not file a notice of appeal, and therefore the judgment became final after thirty days, on November 28, 2002.  Pursuant to AEDPA, the statute of limitations expired one year after that date, on November 28, 2003.  Because Petitioner did not seek any review during that time, his subsequent state and federal habeas petitions were untimely.

Moreover, there is no evidence to suggest that the state created an impediment to filing his application that would trigger application of § 2244(d)(1)(B), nor does Petitioner assert a subsequently recognized constitutional right pursuant to § 2244(d)(1)(C).  To the extent he alleges that he could not have discovered the double jeopardy violation until he learned of the trial court's <u>nunc</u> <u>pro</u> <u>tunc</u> judgment in February 2010, his argument is unfounded because he knowingly and voluntarily pleaded guilty to both Count I and Count II in October 2002.  (D.E. 15-4, at 63-66).  Therefore, § 2244(d)(1)(D) does not apply.

Petitioner contends that regardless of whether his habeas petition was timely filed pursuant to § 2244(d)(1), he is entitled to equitable tolling because he was not aware that his conviction included Count II, indecency with a child, until February 2010.  (D.E. 18, at 1-2).

9

Specifically, he maintains that Count II was not included in his original judgment of deferred adjudication, and that it was later added in the March 13, 2007 <u>nunc pro tunc</u> judgment.  <u>Id.</u>  He was not included in that proceeding, and therefore he did not know that he was convicted of both counts until February 24, 2010.  <u>Id.</u>  Respondent argues that equitable tolling is inappropriate because Petitioner did not diligently pursue habeas relief and because his ignorance of the law and lack of legal assistance does not excuse his failure to file promptly.

The Fifth Circuit has explained that "[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." <u>United States v. Patterson</u>, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998)); <u>see also</u> <u>United States v. Petty</u>, 530 F.3d 361, 364 (5th Cir. 2008) (per curiam) (holding AEDPA's limitations are not jurisdictional and therefore, equitable tolling is permissible).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).

Petitioner is not entitled to equitable tolling because he did not pursue his rights diligently and he has not shown any extraordinary circumstances that prevented his timely filing. His argument that he was not aware of his conviction of Count II prior to February 26, 2010 is unfounded.  The record indicates that on October 28, 2002 he knowingly and voluntarily pleaded guilty to both Count I and Count II.  (D.E. 15-4, at 63-66).  Moreover, the trial court did not substantively modify Petitioner's conviction through its <u>nunc pro tunc</u> judgment.  <u>See</u> <u>Blanton v. State</u>, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (explaining that "[t]he purpose of a *nunc*

*pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record," and that "a *nunc pro tunc* judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order.") (citations omitted). Here, the state court's <u>nunc pro tunc</u> judgment merely corrected the October 28, 2002 order of deferred adjudication from which Count II had been erroneously omitted. (D.E. 15-3, at 8-9). Therefore, Petitioner cannot claim that he was unaware of his conviction of Count II in October 2002. Because he had ample opportunity to seek review at that time, his failure to do so indicates that he did not pursue his rights diligently. Moreover, Petitioner has not shown that extraordinary circumstances otherwise prevented him from filing.

Thus, it is respectfully recommended that Petitioner's challenges to his underlying conviction are barred by the one-year statute of limitations pursuant to AEDPA and that he is not entitled to equitable tolling.

## C.   **Petitioner's Claims Are Procedurally Barred.**

Respondent next argues that to the extent Petitioner's habeas petition is timely, his claims are unexhausted because he did not pursue them on direct appeal or in his first state habeas petition. (D.E. 17, at 8-10). In addition, because he failed to raise his claims in his initial state habeas petition, he is procedurally barred from asserting them in subsequent petitions pursuant to the Texas abuse-of-writ doctrine. <u>Id.</u> Petitioner responds that he raised all of his claims except for one in his first state habeas petition. (D.E. 18, at 2-3). Furthermore, though he raised his ineffective assistance of appellate counsel claim for the first time in his second state habeas petition, the Texas Court of Criminal Appeals should not have dismissed it as procedurally

barred.  Id.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).  The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan, 526 U.S. at 845 (citations omitted).  In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

The Supreme Court has provided, however, that the failure to exhaust state remedies is excused pursuant to § 2254(b)(1)(B)(ii) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (citation omitted); accord Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (per curiam) (quoting Duckworth). Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of

12

habeas corpus may be denied on the merits.  28 U.S.C. § 2254(b)(2).

The petitioner must also present his claim in accordance with the state court's procedural rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted).  If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim.  Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  A claim is also procedurally defaulted where a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  Coleman, 501 U.S. at 735 n.1.  The failure to exhaust therefore permits a finding of procedural default even in the absence of an express denial of relief by the state court based on a state procedural ground.  See Finley v. Johnson, 243 F.3d 215, 219-20 (5th Cir. 2001) (an unexhausted claim that was neither presented nor adjudicated in state court was procedurally defaulted); Nobles v. Johnson, 127 F.3d 409, 422-23 (5th Cir. 1997) (finding an unexhausted claim procedurally defaulted due to the presence of a state procedural bar); Emery v. Johnson, 139 F.3d 191, 195-96 (5th Cir. 1997) (same).

Because Petitioner's challenges to his underlying conviction–including his double jeopardy and ineffective assistance of trial counsel claims–are barred by the one-year statute of limitations pursuant to AEDPA, his only remaining claim is that his appellate counsel was ineffective in appealing his February 26, 2010 revocation of community supervision.  As Petitioner concedes, the Texas Court of Criminal Appeals dismissed this claim as procedurally

barred pursuant to the abuse-of-writ doctrine.[1]  (D.E. 18, at 2-3; D.E. 15-10, at 7); see also Tex.

Code Crim. Proc. art. 11.07, § 4.  Absent some exception to the procedural default rule,

Petitioner is not entitled to federal habeas review.

   Though Petitioner contends that this dismissal was in error, he does not explain why.[2]

Moreover, he has not shown that he falls within any of the exceptions to procedural default that

would entitle him to federal habeas review, notwithstanding the procedural bar in state court.

Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner

"can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice."  Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation

omitted).  Cause is demonstrated by showing "some objective factor external to the defense

impeded ... efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478,

488 (1986); accord Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1998) (citation omitted).

The prejudice requirement likely rests on a determination of whether the petitioner has "suffered

---

  [1] According to the trial court's recommendation, Petitioner's claim was brought as part of "a subsequent application where a previous application challenged the conviction and was denied on the merits by the Court, and that the claims presented in this application do not come within either of the exceptions allowing for the consideration of a subsequent application on the merits."  (D.E. 15-10).

  [2] Petitioner suggests that his ineffective assistance of appellate counsel claim should not have been barred because he asserted it for the first time in his second habeas petition, and that the only claims that were procedurally barred were those he raised in his first petition.  (D.E. 18, at 3).  He cites to Artuz v. Bennett, a Supreme Court case which held that the question of whether an application for collateral review is "properly filed" pursuant to § 2244(d)(2) is distinct from the question of whether the claims contained within the application are procedurally barred.  531 U.S. 4, 9-10 (2000).  This precedent does not support Petitioner's argument.  In addition, he cites to two inapposite cases from the Texas Court of Criminal Appeals.  (D.E. 18, at 3); Ex parte McPherson, 32 S.W.3d 860, 861 (Tx. Crim. App. 2000) (en banc) (holding that the procedural bar on subsequent habeas petitions does not apply when a petitioner's initial habeas petition pertained to a request for an out-of-time appeal as opposed to "the validity of the prosecution of the judgment of guilt"); Ex parte Santana, 227 S.W.3d 700, 705 (Tx. Crim. App. 2007) (en banc) (limiting the scope of the McPherson exception to subsequent habeas petitions).  Because Petitioner did not raise his ineffective assistance of appellate counsel claim in his initial habeas petition, the narrow exception carved out from the abuse-of-writ doctrine in these cases do not apply here.

... [to a] degree sufficient to justify collateral relief."  United States v. Frady, 456 U.S. 152, 168

(1982).  Petitioner has not put forth any explanation as to why he did not raise his ineffective

assistance of appellate counsel claim in his initial state petition.  In addition, it is unclear what

harm he would have avoided had he been allowed to proceed with his claim in his second

petition.[3]  Therefore, he has shown neither cause nor actual prejudice that would entitle him to

federal habeas review notwithstanding the procedural bar in state court.

Because the Texas Court of Criminal Appeals dismissed his claim as procedurally barred

and because Petitioner is not otherwise entitled to federal habeas review, it is respectfully

recommended that federal habeas review is procedurally barred and Petitioner's claims should be

dismissed.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus

proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully

recommended that this Court nonetheless address whether he would be entitled to a certificate of

appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate

of appealability because it "is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that court.  Further

briefing and argument on the very issues the court has just ruled on would be repetitious."

Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

---

[3] Petitioner entered a plea of true or nolo contendere to the State's motion to revoke community supervision, and signed a waiver acknowledging that in doing so, "[his] right of appeal may be affected in that [he] will have virtually nothing to appeal and the judgment of the Court will probably be affirmed."  (D.E. 15-5, at 32).

15

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 17), be granted, and that this habeas petition, (D.E. 1), be

dismissed.  Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 17th day of September 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).